MARCUS L. CULBERSON, administrator, plaintiff in error, vs. JAMES M. GRAY, defendant in error.

A *ca. sa* having issued from a Justices Court. and the defendant arrested thereon. he gave a bond returnable to the next Term of the Inferior Court, to take the benefit of the insolvent debtors Act. At that Term. he was surrendered by his bail, who tendered a receipt for the original note. upon which the judgment was rendered, and moved that the principal be discharged. The judgment had been sold as the property of the estate of the payee by his administrator, and bought by a third person.

*Held,* That the Inferior Court had no jurisdiction to try the title to the judgment.

Certiorari, from Carroll county. Decision by Judge HAMMOND, at October Term, 1858.

James M. Gray being arrested under a *ca. sa.* issuing from a Justice Court, in favor of Marcus L. Culberson, administrator of F. D. Palmer, deceased, gave bond, with James Backus as his security, conditioned, to appear at June Term, 1858, of the Inferior Court of Carroll county, to take the benefit of the Act for the relief of honest debtors. At the Term of the Court to which the *ca. sa.* was returnable, Gray was surrendered by Backus, and on motion, an *exone elur* entered on the bond. Plaintiff's counsel then moved that Gray be taken into custody by the Sheriff, and committed to jail. To this motion, Backus objected, and offered in evidence a receipt corresponding in amount with the note upon which the judgment was obtained, upon which the *ca. sa.* issued. [The bill of exceptions and record are silent, as to whom this receipt was given, and by whom signed; but I suppose it was given by Palmer to Backus, and upon Palmer's death, his administrator brought suit upon the note as the property of his intestate. The execution obtained by the administrator on said note, was afterwards *sold,* Palmer's estate, being insolvent, and one Walker Green became the purchaser, without any notice of Backus's claim to the note on which it was founded.—*Rep.*]

Culberson, adm'r, vs. Gray.

Upon this evidence, counsel for *Backus* moved that the case be dismissed. Plaintiff's counsel objected to this order; his objection was overruled, and the motion to dismiss granted by the Court, and plaintiff sued out a *certiorari*, to review and reverse said order.

The presiding Judge of the Superior Court upon the hearing, dismissed the certiorari, and affirmed the judgment of the Inferior Court, and plaintiff excepted.

W. B. CONYERS, for plaintiff in error.

FLETCHER & BURGER, *contra.*

*By the Court.*—LUMPKIN J. delivering the opinion.

If we understand this confused and imperfect record, and we are not sure that we do, the judgment below, we think, was erroneous.

It does not appear by whom the receipt was given, nor to whom it was given. It set forth the same note We will assume that it was given for the note and that Backus became possessed of it; still, judgment having been obtained upon the note, and sold by the administrator of Palmer, Palmer's estate being insolvent, and bought by Walker Green, without notice of the claim of Backus; what right had the Inferior Court, to which the *ca. sa.* bond was returnable, to try the issue tendered by Backus? None.

Judgment reversed.